[Crim. No. 181. Second Appellate District.—November 16, 1910.]

In the Matter of the Application of MILLS SING for Writ of Habeas Corpus.

JUVENILE COURT LAW—MISDEMEANOR—HABEAS CORPUS.—Under section 26 of the juvenile court law, which provides: "In all cases where any child shall be dependent or delinquent under the terms of this act, the parent or parents, legal guardian or person having the custody of the child, or any other person who shall by any act or omission encourage, cause or contribute to the dependency or delinquency of such child, shall be guilty of a misdemeanor," etc., "any other person," not having the custody of such child, may be convicted of a misdemeanor under its terms, and after such conviction cannot be discharged on *habeas corpus* on the ground that he did not stand *in loco parentis* to such child.

ID.—STATUTORY CONSTRUCTION—LEGISLATIVE SCHEME—PARTICULAR PRO-VISIONS.—In the construction of statutes for the purpose of ascertaining the legislative intent, regard is to be had not so much to the exact phraseology in which that intent has been expressed as to the general scope and intent of the entire legislative scheme embodied in the statute. All of its provisions must be considered together and must be reconciled as far as possible, and particular provisions must be so construed as not to defeat the general purpose and policy of the law.

ID.—SCHEME AND PURPOSE OF JUVENILE COURT LAW.—It is apparent from a reading of the entire juvenile court law that the legislature intended to provide protection for all children, who, by the terms of the act, were either dependent or delinquent, by attaching a penalty to any act contributing to such dependency or delinquency, whether they belong to a class who have parents, guardians or custodians, or to a class with neither.

ID.—PUNISHMENT UNDER LAW.—Anyone who contributes to the dependency of a child, whatever may be his relation thereto, becomes amenable to punishment under the provisions of section 26 of the juvenile court law.

ID.—DOCTRINE OF EJUSDEM GENERIS—IN LOCO PARENTIS—INTENTION OF LEGISLATURE CONTROLLING.—The doctrine of *ejusdem generis* invoked for the construction of the juvenile court law as applicable only to persons standing *in loco parentis* is but a rule of construction to aid in determining the meaning of the legislature not otherwise apparent, but does not warrant the legislature in confining its operation within narrower limits than was intended by the lawmakers. To hold that the legislature intended only to protect dependents against persons standing *in loco parentis* would be to hold that dependents with whom no one stood in such relation should be

unprotected; while to give the words "any other person" a broader
signification would make the act applicable to the protection of all
dependents.

PETITION for writ of *habeas corpus* after conviction for
a misdemeanor in the Juvenile Court of Los Angeles County.

The facts are stated in the opinion of the court.

Geo. L. McKeeby, and Paul Schenck, for Petitioner.

J. D. Fredericks, District Attorney, and J. A. Donnell,
Deputy District Attorney, for Respondent.

ALLEN, P. J.—Whether or not the writ shall issue in this
case depends upon the construction which should be given
section 26 of the juvenile court law. (Stats. 1909, p. 225.)
That section provides: "In all cases where any child shall
be dependent or delinquent under the terms of this act, the
parent or parents, legal guardian or person having the cus-
tody of such child, *or any other person* who shall, by an act
or omission, encourage, cause or contribute to the dependency
or delinquency of such child shall be guilty of a misde-
meanor," etc.

Petitioner's contention is that, applying the doctrine of
*ejusdem generis* to the act in question, the words "any other
person" are limited in their application to those who stand
*in loco parentis,* and it being conceded that petitioner stands
in no such relation he cannot be charged with the crime as
defined by such section. "In the construction of statutes for
the purpose of ascertaining the legislative intent, regard is to
be had not so much to the exact phraseology in which that
intent has been expressed as to the general tenor and scope
of the entire legislative scheme embodied in the statute."
(*Palache* v. *Pacific Ins. Co.,* 42 Cal. 418.) An examination
of the entire act discloses that section 1 of the act provides
that the words "dependent child" shall mean, any child:
"4. Who is found wandering and not having any home, or
any settled place of abode, or any proper guardianship;
5. Who has no parent or guardian willing to exercise, or
capable of exercising proper parental control; . . . 7. Whose
home by reason of neglect," etc., "of his parents or either
of them, or on the part of his guardian, or on the part of the

14 Cal. App.—33

person in whose custody or care he may be, is an unfit place for such child.'' It will be observed that dependent children may be of a class who have parents, guardians, or custodians, while others may be of a class with neither. It is apparent from a reading of the entire act that the legislature was intending to provide protection to all children who, by the terms of the act, were either dependent or delinquent, by attaching a penalty to any act contributing to such delinquency or dependency. ''The doctrine of *ejusdem generis* is but a rule of construction to aid in ascertaining the meaning of the legislature and does not warrant a court in confining the operation of a statute within narrower limits than was intended by the lawmakers.'' (Black on Interpretation of Laws, p. 143.) To give the narrow construction claimed by petitioner would be to say that the legislature intended to confer a benefit by protecting one class of dependents with whom someone was standing *in loco parentis,* while at the same time those dependents with whom no one stood in such relation should be unprotected. To give the words ''any other person'' a broader and more comprehensive interpretation, by saying that it was intended to include all persons committing the acts specified, would make the act applicable to all who are so unfortunate as to be included in the term ''dependent.'' As said by our supreme court in *Welch* v. *Williams,* 96 Cal. 365, [31 Pac. 222] : ''In the construction of a statute, all its provisions must be considered together, and must be reconciled as far as possible, and particular provisions must be so construed as to promote and not to defeat the general purposes and policy of the law.'' We are of opinion, therefore, that anyone who contributes to the dependency of a child, whatever may be his relation thereto, becomes amenable to punishment under the provisions of section 26.

The writ is therefore discharged and petitioner remanded.

Shaw, J., and James, J., concurred.